Mickey Ray Taylor Jr TDCJ #02367588 July 15, 2026

V.

Eric Guerrero

JUL 17 2026 AM9:49 FILED - USDC - NDTX - AM

2:26-CV-154-Z-BR

Habeas Corpus Transfer Under 28 USCS §§ 2241(d) and 2254 from former WDTX Midland, TX Cause number 7:24-CV-059-DC Housekeeping Motion For: Complete Transfer of Cause; Previously Filed Motions In Former Cause number 'proper adjudication' of: Emergency Expedited adjudication; Summary Judgement With Actual Innocence Finding With Requisite Constitutional Relief as to Other Grounds Raised

1) Habeas petitioner recently has Sought to disqualify, having recused and reassign his 2-habeas 2254 petitions 7:24-CV-059-DC; and, 7:24-CV-071-DC which is Supplemented 7:26-CV-066-DC Showing further grounds Supporting Actual Innocence With Clear Constitutional Grounds raised. Motion for disqualification and recusal was Mailed out 7/7/26 to Midland, TX Federal Courts Showing extensive prejudice to me in both Causes without ever being able to appeal any order for over 2 Years.

2) These Causes have been ripe for Summary disposition for 2 years at this time in My favor as a Matter of law in the way the State A.G. answered under Habeas Rule 4 and 5. Judicial Notice of Such is requested. After a review of the petition and the answer, a Vacating of the erroneous order previously entered is requested to be entered as there is no genuine dispute of any Material fact and I am entitled

to Summary Judgement or JMOL. The State did not mention nor provide any portion of the State Court record in its answer-beginning to legally negate as mandated if it were-legitimately so-to be set forth-as much.

3) The Concurrent jurisdiction under § 2241 (d), when the district court in the district of conviction and sentence has shown a potential for bias and prejudice much less as here, where extreme bias and prejudice has abounded for well over a year in habeas. Wadsworth V. Johnson 235 F.3d 959 (5th Cir 2000); Peyton V. Rowe 391 U.S. 54 (1968) (holding that a prisoner serving consecutive sentences is "in custody" under any one of them for purposes of the habeas statute). (Showing standing), given the 5 year sentence has discharged February 2025 in this particular cause, "that the statutory term "in custody" require that consecutive sentences be viewed in the aggregate" Peyton Story V. Collins 920 F.2d 1247 (5th Cir 1991)

4) Given the origional district court in this cause is out of jurisdiction due to its clear bias, prejudice, due process violation intentionally having been clearly set forth in refusing to properly administer legitimate timely justice as an Article III court under any threshold, be it by the ABA, Supreme Court holdings (old or newer), the Canons of Judicial Conduct, or Constitutional due process "In Federal Courts generally, when an individual judge is disqualified from a particular case by reason of § 455, the disqualified judge simply steps aside and allows the normal administrative process of the Court to assign the case to another judge not disqualified" U.S. V. Will 449 U.S. 200 (1980) at 212.

5) Where a habeas petition is filed in 1 of the 2 permissible venues .. the Statute § 2241 (d) still provides for the option of transfer" .. Citing Hertz & Liebermann, Federal

habeas Corpus practice & procedure § 10.2 7th ed 2025 as follows: .. "When such an application is filed .. and in furtherance of justice .. transfer the application to the other district court for hearing and determination". See Eagle v. Linahan 279 F.3d 926 (11th Cir 2001) "§ 2241(d) also authorizing these courts to transfer such cases from one to the other." Under balancing principles in forum non conveniens clearly weighing the interest of the parties and the courts for the matter to be resolved in the most convenient forum Fink v. Payne 2026 US Dist Lexis 144434 Ark. DC.

6) Even though a hearing is not needed, as these habeas causes are ripe from the prima facie documents -on-their-face, under the mandatory language in the Habeas rules, given no supplement of any portion of the State Court record was ever tendered to the habeas petitioner in any 2254 original cause. The last thing that needs to happen is my transfer to Midland County's custody after what actually happened to me in the underlying §1983 actions 7:20-cv-124-DC and 'retaliation lawsuit' 7:22-cv-86-DC (in weighing this party's interest in forum non conveniens balancing principles)

7) The first order of business, and 'thing' that needs proper action, is this habeas to be properly dealt with as the underlying §1983 action has settled being the 7:20-cv-124-DC cause currently at $15,610,000.00 and increasing daily by $8496.20 for July 2026. Given the defendant debtors never mentioned or stipulated any time-bar its only right in the proper interest of justice and society in having this properly adjudicated.

8) Respectfully Requesting Transfer To This Court & Relief As Appropriate

Date July 15, 2026 Signed [signature]

Mickey Taylor #02367588
Jordan Unit
1992 Helton rd
Pampa, TX 79065

AMARILLO TX 791
15 JUL 2026 PM 1 L




United States District Court
Clerks office
Room 133
205 S.E. 5th Ave.
Amarillo, Texas 79101

RECEIVED
JUL 17 2026
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CP941

TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION