IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MICKEY RAY TAYLOR,

Petitioner,

v.

DIRECTOR, TDCJ-CID,

Respondent.

Civil Case 2:26-CV-154-Z-BR

**MEMORANDUM OPINION AND ORDER**

Petitioner Mickey Ray Taylor seeks to transfer his petition for writ of habeas corpus under 28 U.S.C. Section 2254, originally filed in the Western District of Texas, to this Court. ECF No. 3. The Court construes Taylor's pleading as an attempt to file a successive habeas petition and summarily **DISMISSES** the petition for lack of jurisdiction.[1]

**BACKGROUND**

On February 17, 2024, Taylor filed a Section 2254 petition in the Midland/Odessa Division of the Western District of Texas, challenging his conviction in Midland County, Texas, for the third-degree felony of evading arrest or detention with a motor vehicle. The Western District court denied Taylor's petition on April 23, 2025. *See* Case No. 7:24-CV-059, *Taylor v. Guerrero*, formerly pending in the U.S. District Court for the Western District of Texas, Midland/Odessa Division, at ECF No. 35. The U.S. Court of Appeals for the Fifth Circuit denied his request for a certificate of appealability on October 21, 2025. *Id.* at ECF No. 48. On July 17, 2026, Taylor filed this case, asking to transfer the Western District case to this court due to the purported bias of the Western District judge. ECF No. 3 at 2.

[1] A habeas corpus petition under 28 U.S.C. Section 2254 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. See Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

**ANALYSIS**

The court has no authority to dispose of or transfer a case on the docket of another federal district court. *See, e.g., Peak Completion Tech., Inc. v. I-TEC Well Solutions, LLC*, 2013 WL 12121002 (W.D. Tex. June 26, 2013). To the extent that Taylor seeks to file a new Section 2254 petition, such petition would be successive and thus requires authorization from the Fifth Circuit. The Antiterrorism and Effective Death Penalty Act limits the circumstances under which petitioners may file second or successive habeas petitions about the same judgment and requires prior authorization to do so:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. Section 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Those two grounds are: (1) a new retroactive constitutional right announced by the United States Supreme Court; and (2) newly discovered evidence that could not have been discovered earlier with due diligence and would establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. Section 2244(b)(2)(A)-(B).

Taylor does not present any order from the Fifth Circuit authorizing consideration of his current petition or allege that he obtained such authorization, and this Court's search of available records indicates that no such authorization has been granted. Accordingly, the present petition is an unauthorized second or successive petition, and the court lacks jurisdiction to consider Taylor's claims. *Burton*, 549 U.S. at 152 (concluding that, because petitioner had not sought or obtained authorization to file second or successive petition, "the District Court never had jurisdiction to consider it in the first place"); *Crone v. Cockrell*, 324

F.3d 833, 836 (5th Cir. 2003) (where prisoner did not have permission to file a second or successive habeas petition, the district court lacked jurisdiction to entertain his claims).

For the reasons stated above, Taylor's petition for writ of habeas corpus (ECF No. 3) is **DISMISSED** without prejudice to his right to seek authorization from the Fifth Circuit to file a second or successive petition.

**SO ORDERED.**

August 25, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE